IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA )
)
   v. ) 1:15CR100-1
)
LIN (NMN) CHENG )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

    Defendant moved this court for an order dismissing Counts One through Eight of the Second Superseding Indictment for failure to state an offense. (Doc. 41.) For the reasons set forth on the record in open court on December 7, 2015, this court finds that the motion should be denied.

    Defendant argued that the Government's failure to specify the specific dates upon which Defendant's alleged offenses were committed, the specific means by which they were committed, and the person or entity Defendant intended to benefit rendered the indictment insufficient.

    An indictment is sufficient if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which [she] must defend, and, second, enables [her] to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v.

Quinn, 359 F.3d 666, 672 (4th Cir. 2004). This court, for the reasons stated in open court, finds the Second Superseding Indictment sufficient to meet this standard. Nevertheless, to create a clear record, this court enters this written order to note specifically that the United States agrees, and this court finds, that the identification of the specific electronic files identified and at issue in each of Counts One through Eight would act as a bar to future prosecutions for the same offense for all conduct relating to those specific electronic files and any trade secrets reflected therein.

For the foregoing reasons, and those noted in the record on December 7, 2015, Defendant's motion to dismiss (Doc. 41) is **DENIED**.

This the 9th day of December, 2015.

_____
United States District Judge